provided for in section 2 of the constitution. The ·funeral benefit referred to at the close of section 14 is probably the same as the death benefit of an earlier part of the section. As it appears that the· plaintiff did not show a right to recover, the judgment is reversed, and a new trial ordered; costs to appellant to abide the event.

SCOTT, J., concurs. TRUAX, J., not voting.

KRAFT, Respondent, v. SAUERWEIN, Appellant. (Supreme Court. Appellate Division, Fourth Department. March 27, 1900.) Action by Maud Edith Barry Kraft, as committee, etc., against Henry Sauerwein. No opinion. Judgment affirmed, with costs.

KRONER, Respondent, v. REILLY, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. March 27, 1900.) Actions by Marie Kroner against John F. Reilly. No opinion. Order reversed, with $10 costs and disbursements. See 63 N. Y. Supp. 527.

LAJEUNESSE, Appellant, v. STILLWATER & M. ST. RY. CO., Respondent. (Supreme Court, Appellate Divison, Third Department. March 20, 1900.) Action by Michael Lajeunesse against the Stillwater & Mechanicville Street-Railway Company. No opinion. Judgment affirmed, with costs.

LAMBERTON, Respondent, v. LAMBERTON, Appellant. (Supreme Court, Appellate Division, First Department. March 23, 1900.) Action by Lucy Lamberton against Edward S. Lamberton. W. F. Connell, for appellant. R. Steinhardt, for respondent. No opinion. Order modified, by reducing counsel fee to $50, and, as modified, affirmed, without costs.

LAWRENCE, Appellant, v. BLOCK, Respondent. (Supreme Court, Appellate Division, First Department. March 9, 1900.) Action by Clayton Lawrence against Israel Block. H. B. Bradbury, for appellant. H. Fox, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

LOTT, Respondent, v. CLASON, Appellant. (Supreme Court. Appellate Division. First Department. February 23, 1900.) Action by Curn E. Lott against Augustus Clason. L. L. Kellogg, for appellant. H. A. Heyn, for respondent. No opinion. Judgment affirmed, with costs.

LOUNSBERY, Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, Third Department. March 13, 1900.) Action by William Lounsbery against Abram E. Smith and others. No opinion. Order affirmed, with $10 costs and disbursements.

In re LYMAN, Excise Com'r. (Supreme Court, Appellate Division, Third Department. March 7, 1900.) In the matter of the petition of Henry H. Lyman, state commissioner of excise, for an order revoking and canceling liquor-tax certificate No. 27,068, issued to M. A. Sutherland. No opinion. Order affirmed, with $10 costs and disbursements. See 61 N. Y. Supp. 1141.

LYMAN v. RYAN (twelve cases). (Supreme Court, Appellate Division, Third Department. March 23, 1900.) Actions by Henry H. Lyman against Patrick Ryan. No opinion. Ordered that the appeal in each of these cases be dismissed, unless the appellant, within 24 hours after service of a copy of this order, withdraws the appeal therein in accordance with stipulation filed.

McLEOD v. McGRORY. (Supreme Court, Appellate Division, First Department. January 5, 1900.) Action by Kenneth McLeod against Annie McGrory. No opinion. Motion denied.

McLEOD, Respondent, v. McGRORY, Appellant. (Supreme Court, Appellate Division, First Department. March 23, 1900.) Action by Kenneth McLeod against Anna McGrory for false imprisonment and malicious prosecution. From a judgment in favor of plaintiff, defendant appeals. Modified. William J. Lippmann, for appellant. Herbert H. Walker, for respondent.

PER CURIAM. The question as to how far the defendant was responsible for the arrest and prosecution of plaintiff, upon conflicting evidence, was properly submitted to the jury. The circumstances, however, surrounding the arrest, and the fact that the plaintiff was detained but a single night, show that the damages awarded of $2,000 were excessive. We think the plaintiff should stipulate to reduce the verdict and allowance one-half, and to reduce the judgment as entered to the sum of $1,252.27, and upon such stipulation being given the judgment should be affirmed, without costs of appeal; otherwise, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the ·event.

In re MADDEN. (Supreme Court, Appellate Division, Second Department. March 6, 1900.) In the matter of the application of John H. Madden for admission to practice.

PER CURIAM. The rules require that the applicant shall not only have been a member of the bar of the state from which he comes for at least three years, but that he shall have practiced in such state for that period. The affidavits upon this application are defective in this respect. Upon this defect being remedied, the application will be granted.

MERCANTILE NAT. BANK, Appellant, v. MAYOR, ETC., et al., Respondents. (Supreme Court, Appellate Division, First Department. April 2, 1900.) Action by the Mercantile National Bank of New York against the mayor, etc., and another. D. Willcox, for appellant. J. M. Ward, for respondents. No opinion. Judgment affirmed, with costs. Leave given to appeal to court of appeals. See 57 N. Y. Supp. 254.

MERSEREAU, Respondent, v. MERSEREAU, Appellant. (Supreme Court, Appellate Division, First Department. March 23, 1900.) Action by Clara E. Mersereau against James H. Mersereau. R. H. Griffin, for appellant. J.